# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JESSICA BELTRAN,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　Case No. 6:13-cv-234-Orl-28DAB

**MEDCURE, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO DISMISS AMENDED COUNTERCLAIM (Doc. No. 26)**
>
> **FILED:** May 21, 2013
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

*Background*

Plaintiff, Jessica Beltran, "on behalf of herself and on behalf of all others similarly situated" filed a complaint against Defendant, Medcure, Inc., alleging that Defendant violated the Fair Labor Standards Act's ("FLSA") overtime and record-keeping requirements (Doc. 1). Defendant answered the Complaint (Doc. 18) and filed an Amended Answer, Affirmative Defenses and "Counterclaim And/Or Setoff" (Doc. 21). According to that pleading, Beltran was paid a salary during her employment through a series of payroll transactions. *Id.* ¶ 3. Defendant alleges that: within the payroll transactions with Beltran, Medcure made a payment of $1,427.94 to Beltran in April 2012

which was an overpayment/double payment as a result of a mistake; Beltran received the money, but was not entitled to the $1,427.94 payment as compensation; Medcure notified Beltran of the mistaken double payment and demanded repayment; and Beltran failed and refused to repay or reimburse the $1,427.94. *Id.* ¶¶ 6-9. Medcure counterclaims "for money had and received" or, alternatively, alleges that in receiving the funds and refusing to return them, Beltran "thereby converted to her own use and wrongful dominion and control Medcure's $1,427.94 in funds." *Id.* ¶11.

Plaintiff moves to dismiss the counterclaim, contending that the Court "should refuse to exercise supplemental jurisdiction, particularly because Defendant's alleged state law claims would predominate Plaintiff's overtime claim under the Fair Labor Standards Act (FLSA)" and " Defendant fails to allege plausible state law claims for money had and received and conversion" (Doc. 26). Defendant has responded (Doc. 32), and the matter has been referred to the undersigned for a report and recommendation.  For the reasons set forth herein, it is **respectfully recommended** that the motion be **denied.**

*Jurisdiction*

It is axiomatic that federal courts are courts of limited jurisdiction.  Here, the Court has original jurisdiction over Beltran's FLSA claims pursuant to 28 U.S.C. § 1331.  Medcure's counterclaim, however, arises under state law and does not meet the requirements for diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, the Court has no independent jurisdiction over the counterclaim, but has subject matter jurisdiction over it only if supplemental jurisdiction is authorized under 28 U.S.C. § 1367.

Under 28 U.S.C. § 1367(a), when a federal district court has original jurisdiction in any civil action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Eleventh

Circuit has held that § 1367 gives federal courts the power to exercise supplemental jurisdiction over all state law claims that arise out of a common nucleus of operative fact with a substantial federal claim. *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir.1997) (*citing United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724–25, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Section 1367 also gives the Court the discretion to decline to exercise supplemental jurisdiction over a claim arising under state law when: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). "If, after examining the factors listed in § 1367(c), the district court decides that it has the discretion to decline to [exercise] jurisdiction, it should consider the traditional rationales for pendent jurisdiction in deciding whether or not to exercise that jurisdiction, including judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together." *Cruz v. Winter Garden Realty, LLC,* No. 6:12–cv–1098–Orl–22KRS, 2012 WL 6212909, *2-3 (M.D. Fla. Nov. 27, 2012), *citing Palmer*, 22 F.3d at 1569, *Gibbs*, 383 U.S. at 725–27.

Applied here, Plaintiff argues that the counterclaim is permissive and not compulsory and that it does not arise out of a common nucleus of operative facts. Therefore, according to Plaintiff, the past existence of an employer-employee relationship and the existence of a single alleged payroll transaction are not enough to make the amended counterclaim "so related to [Plaintiff's] claims . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Even if the claims were so related, Plaintiff urges the Court to decline to exercise supplemental jurisdiction, contending that the issues raised in the counterclaim will predominate over the FLSA claim.

Under Federal Rule of Civil Procedure 13(a), a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." The Eleventh

Circuit has adopted the "logical relationship" test to determine if a counterclaim meets the requirements of Rule 13(a). *Republic Health Corp. v. Lifemark Hosps. of Fla.*, 755 F.2d 1453, 1455 (11th Cir.1985). "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (quotation omitted). A permissive counterclaim is any counterclaim that is not compulsory. Federal Rule 13(b), Fed. R. Civ. Procedure.

Although Defendant contends that a recoupment claim is a compulsory counterclaim and a set-off claim is permissive, citing Judge Antoon's opinion in *Satterfield v. CFI Sales & Marketing, Inc.* No. 6:09–cv–1827–Orl–28DAB, 2012 WL 640740, *3 (M.D. Fla. Feb. 28, 2012), the Court need not delve into this distinction here. The appropriate focus is whether the counterclaim satisfies the requirements of § 1367—that is, whether the state law claims are so related to a federal claim as to form part of the same case or controversy under Article III of the Constitution—rather than on whether the counterclaim is compulsory or permissive. *Cruz, supra, citing Scott v. A & Z Gen. Cleaning Servs., Inc.*, No. 6:11–cv–848–Orl–28DAB, 2011 WL 3516075, at * 2 (M.D.Fla. July 18, 2011), adopted by 2011 WL 3516145 (M.D. Fla. Aug.11, 2011) (appropriate focus remains on whether counterclaim satisfies § 1367). In determining whether state law claims satisfy the § 1367(a) standard, courts examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Airlines, Inc.,* 90 F.3d 451, 455 (11th Cir.1996).

At issue in the FLSA claim is whether or not Plaintiff was appropriately paid the full amount of wages due her. In the counterclaim, Defendant has alleged that, due to mistake, it made a double salary payment to Beltran in the amount of $1,427.94. Unlike many cases where the counterclaim raises matters extrinsic to FLSA issues, here, both claims directly arise from the salary payments – with Plaintiff contending she was not paid enough and Defendant contending she was paid too much. The witnesses and evidence for both necessarily include the same payroll records and record

custodian, and, while Plaintiff may require or desire additional witnesses to prove her entitlement to additional wages, the ultimate issue – how much should Plaintiff have been paid for her work – is the same for both claims. The counterclaim is sufficiently related to form part of the same case or controversy and is therefore within the Court's supplemental jurisdiction.

For similar reasons, the Court cannot agree that it should nonetheless decline to exercise jurisdiction over the counterclaim, as urged by Plaintiff. There is no showing that the claim for the alleged overpayment will predominate over the FLSA claim, and the traditional rationales (judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together) all favor retaining jurisdiction.[1] The motion to dismiss should not be granted on this ground.

*Stating a Cause of Action*

Plaintiff next contends that the counterclaim should be dismissed for failure to state a cause of action. A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A reviewing court generally accepts the complaint's allegations as true and construes them in the light most favorable to the plaintiff, "[b]ut if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

To withstand a motion to dismiss, the complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As the Supreme Court has noted:

---

[1] When the setoff will not cause a plaintiff's wages to fall under the statutory minimum, district courts within the Eleventh Circuit have permitted a defendant to claim set-off in a FLSA case. *See Dominguez v. Cent. Tire Corp.*, No. 12–22117–CIV, 2013 WL 1908950, at *7 (S.D.Fla. Apr.30, 2013) (collecting cases).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly,* 550 U.S. 544] at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544, 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 *(quoting Twombly*, 550 U.S. at 557).

The counterclaim meets this standard. To the extent Defendant is pleading a cause of action for monies had and received, Florida law recognizes the general rule that "an action for money had and received, currently treated as an action for restitution, can be maintained where money is paid under a mistake of fact or where money has been obtained through fraud, imposition, extortion or undue advantage." *Berry v. Budget Rent A Car Sys., Inc.,* 497 F. Supp. 2d 1361, 1370 (S.D. Fla.2007) (*quoting Central Bank & Trust Co. v. General Fin. Corp.*, 297 F.2d 126, 129 (5th Cir.1961)); *see also 1021018 Alberta Ltd. v. Netpaying, Inc.,* No. 8:10–CV–568–T–27MAP, 2011 WL 1103635, \*6 (M.D. Fla. Mar. 24, 2011). Under Florida law, conversion is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." *Thomas v. Hertz Corp.,* 890 So.2d 448, 449 (Fla. 3d DCA 2004) (quotation omitted). Although Plaintiff notes that Defendant fails to allege wrongful intent on Plaintiff's part, no such intent is required under Florida law for either cause. *See Berry, supra* (noting that action for monies had and received can be had where money is paid under a "mistake of fact"); *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1270 (11th Cir.2009) (conversion "may occur where a person wrongfully refuses to relinquish property to which another has the right

of possession," and it "may be established despite evidence that the defendant took or retained property based upon the mistaken belief that he had a right to possession, since malice is not an essential element of the action.") (internal citation omitted). Defendant adequately alleges a mistake, its demand that the funds be returned, and Plaintiff's refusal to do so. This is sufficient for present purposes.

For the reasons set forth above, it is **respectfully recommended** that the motion to dismiss be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 2, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy